# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN MICHAEL HOPKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 18-CV-335-TCK-JFJ ) |
| ANDREW SAUL, Commissioner of Social Security Administration, | ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Before the court is the Report and Recommendation of United States Magistrate Judge Jodi F. Jayne on the judicial review of a decision by the Commissioner of the Social Security Administration denying Social Security disability benefits and the Objections thereto filed by plaintiff, Steven Michael Hopkins. Docs. 16, 17. The Magistrate Judge recommended the Commissioner's decision be affirmed. Plaintiff objects to the recommendation.

**I. Standard of Review**

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." However, even under a de novo review of such portions of the Report and Recommendation, this court's review of the Commissioner's decision is limited to a determination of "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is more than a scintilla, but less than a

preponderance. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)). Even if the court would have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1500 (10th Cir. 1992).

A claimant for disability benefits bears the burden of proving a disability. 42 U.S.C. § 423(d)(5); 20 C.F.R. §§ 404.1512(a), 416.912(a). A disability is a physical or mental impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). "Disabled" is defined under the Social Security Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To meet this burden, plaintiff must provide medical evidence of an impairment and the severity of that impairment during the time of her alleged disability. 20 C.F.R. §§ 404.1512(b), 416.912(b). "A physical impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [an individual's] statement of symptoms." 20 C.F.R. §§ 404.1508, 416.908. The evidence must come from "acceptable medical sources," such as licensed and certified psychologists and licensed physicians. 20 C.F.R. §§ 404.1513(a), 416.913(a). A plaintiff is disabled under the Act only if her "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age,

education, and work experience, engage in any other kind of substantial gainful work in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen,* 844 F.2d 748, 750-51 (10th Cir. 1988) (setting forth the five steps in detail). The claimant bears the burden of proof at steps one through four. *Williams*, 844 F.2d at 751 n. 2. At step one, a determination is made as to whether the claimant is presently engaged in substantial gainful activity. *Id.* at 750. At step two, a determination is made whether the claimant has a medically determinable impairment or combination of impairments that significantly limit his ability to do basic work activities. *Id.* at 751. At step three a determination is made whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Id.* If it is, the claimant is entitled to benefits. *Id.* If it is not, the evaluation proceeds to the fourth step, where the claimant must show that the impairment prevents him from performing work he has performed in the past. *Id.* If the claimant is able to perform his previous work, he is not disabled. *Id.* If he is not able to perform his previous work, then the claimant has met his burden of proof, establishing a prima facie case of disability. The evaluation process then proceeds to the fifth and final step: determining whether the claimant has the Residual Functional Capacity ("RFC")[1] to perform other work in the national economy in view of his age, education, and work experience. *Id.* The Commissioner bears the burden at step five, and the claimant is entitled to benefits if the Commissioner cannot establish that the claimant retains the

---

[1] A claimant's RFC to do work is what the claimant is still functionally capable of doing on a regular and continuing basis, despite his impairments: the claimant's maximum sustained work capability. *Williams,* 844 F.2d at 751.

capacity "to perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (citation omitted).

## II. Background

Plaintiff, then age 51, applied for Title II disability insurance benefits on April 14, 2015, and Title XVI supplemental security income benefits on April 15, 2015, alleging a disability onset date of July 1, 2010. R. 13, 187-199. He claimed that he was unable to work due to diabetes mellitus with neuropathy, bilateral hand tremors, unsteady gait, pain and swelling in the knees and ankles, neck pain and headaches. R. 240. His claims for benefits were denied initially on September 4, 2015. R- 47-106. Plaintiff subsequently requested a hearing before on ALJ, which was conducted on May 1, 2017. R. 31-46. In his decision dated July 11, 2017, the ALJ concluded that plaintiff was not disabled because he was able to perform other work that exists in significant numbers in the national economy, and therefore denied plaintiff's claim for benefits. R. 13-26.

The ALJ determined that Plaintiff retains the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b) with the following limitations:

> Plaintiff is able to occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk at least six hours in an eight-hour workday, and sit at least six hours in an eight-hour workday. He is limited to simple, repetitive tasks, is able to relate to supervisors and coworkers only superficially, and not work with the public.

R. 19. The ALJ concluded that Plaintiff was unable to perform his past relevant work as a plumber, because the job required a heavy level of exertion and was a skilled position. R. at 24. However, he determined Plaintiff could perform the requirements of representative occupations including routing clerk ("light" exertion unskilled work with a Specific Vocation Preparation ("SVP") of 2, Dictionary of Occupational Titles (DOT) Code # 222.487-038 and marker ("light" exertion unskilled work with an SVP of 2. (DOT Code 209.587034. Thus, the case was decided at step five

4

of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (setting out and describing in detail the five steps).

## III. Plaintiff's Allegations

Plaintiff contends that at step five of the sequential analysis, the ALJ erred by concluding his Residual Functional Capacity ("RFC") is compatible with the ability to perform simple, routine work. Specifically, he challenges the ALJ's finding that Plaintiff has mild limitation in understanding, remembering or applying information. Doc. 17 at 3.

## IV. Analysis

In his decision, the ALJ acknowledged that claimant's chief complaint included problems with his memory. *Id.* However, he noted that a psychological consultative examination showed claimant had clear sensorium, good remote memory, good general knowledge and good recent memory. *Id.* Additionally, claimant's mother reported that he follows instructions well and has no problems with memory or understanding. *Id.* Accordingly, the ALJ concluded claimant had a mild limitation in understanding, remembering or applying information, and a General Education Development ("GED") level of two. Doc. 10 at 22.

As he did in his Opening and Reply Briefs, Plaintiff argues that his mental RFC was not compatible with jobs requiring "Level-Two Reasoning." He contends that, on its face, Social Security's definition of unskilled work in POMS § DI 24020.010(A)(3) eliminates a GED Reasoning level of two. Doc. 17 at 3. However, as the Magistrate Judge noted in her Report and Recommendation, a job with a reasoning level of two requires the worker to [a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." *Id.* (citing DOT

App'x C, § III).  Plaintiff contends the Social Security Administration's Program Operations Manual System ("POMS") supports a conclusion that a limitation to simple, repetitive tasks would eliminate jobs requiring a GED reasoning level of two.  However, the Tenth Circuit, in *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005), rejected this argument, concluding that such a limitation is consistent with level-two reasoning.  *See also Stokes v. Astrue*, 274 Fed. Appx. 765, 684 (10th Cir. 2008) (rejecting argument that limitation to simple, repetitive and routine work should be construed as a limitation to level-one reasoning jobs).

The Court, having considered the record, concludes that no conflict exists between Plaintiff's RFC limitation to the performance of only "simple, repetitive tasks" and the level two reasoning required by the jobs identified by the vocational expert.

**V. Conclusion**

For the foregoing reasons, the Court overrules Plaintiff's Objections to the Magistrate's Report and Recommendation (Doc. 17) and hereby adopts the Report and Recommendation (Doc. 16).

ENTERED this 10th day of February, 2020.

TERENCE C. KERN
United States District Judge